793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD L. KEOHANE, Plaintiff-Appellant,
v.
JACK BERGMAN; JOE GREGORICH; RICHARD WALTER, Defendants-Appellees.
 85-1881
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 AFFIRMED
 
 1
 W.D.Mich.
 
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge*.
 
 
 3
 This matter is before the Court for consideration of the appellant's motion for appointment of counsel. The appellant is appealing the order granting summary judgment in favor of defendants and dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 5
 The appellant, Richard L. Keohane, alleges that conditions at the Michigan Intensive Program Center (MIPC) are violative of his rights under the Fourteenth Amendment and constitute cruel and unusual punishment under the Eighth Amendment. He brought suit against the Superintendent, Assistant Superintendent and a psychologist at the prison.
 
 
 6
 The defendants filed an unopposed motion for summary judgment on June 17, 1985, pursuant to Rule 56(b), Federal Rules of Civil Procedure. The Superintendent of MIPC and the prison psychologist attached affidavits refuting the claims of the appellant. The appellant applied for an extension of time in which file a response. He was granted until September 10, 1985, but failed to file any response.
 
 
 7
 The appellant cannot simply rely on his pleadings. Ghandi v. Police Department of the City of Detroit, 747 F.2d 338, 348 (6th Cir. 1984). Rule 56(e) provides in pertinent part:
 
 
 8
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 9
 The district court found that the '[d]efendants' affidavits demonstrate that plaintiff's basic human needs have been met, and that none of the actions of the defendants can be characterized as wanton and unnecessary infliction of pain or barbarous or shocking to the conscience.' Whitley v. Albers, 106 S.Ct. 1078 (1986). Rhodes v. Chapman, 452 U.S. 337 (1981). We agree with the district court's conclusion that appellant's claims do not constitute a violation of his rights under the Fourteenth or Eighth Amendments.
 
 
 10
 The appellant's motion for appointment of counsel and informal brief alleged that he was handcuffed and beaten and his legal documents were destroyed at the time of the district court proceedings. This issue was never presented to the district court; therefore, it cannot be considered on appeal.
 
 
 11
 It appears that the issues on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the motion for appointment of counsel is denied, and it is ORDERED that the final judgment of the district court be affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U. S. District Judge for the Eastern District of Michigan, sitting by designation